

1605 John Street
Suite 305
Fort Lee, NJ 07024
Voice: (201) 775-4222
Facsimile: (201) 777-3975
www.berilaw.com

May 31, 2019

**VIA ECF**
Hon. Cathy L. Waldor, U.S.M.J.
United States District Court
Martin Luther King Building
50 Walnut Street
Room 4040, Courtroom 4C
Newark, New Jersey 07101

RE:      **Fehl v. Borough of Wallington, et al.**
Case No.: **2:17-cv-11462**

## Request for Leave to File a Discovery Motion Pursuant to Local Rule 37

Judge Waldor:

   Plaintiff Joseph Fehl ("Plaintiff") submits this letter respectfully requesting leave to file a discovery motion to compel discovery responses, compel more specific discovery responses, compel Defendant Baginski's deposition testimony, and extend fact discovery.

### Nature of Discovery Disputes

   On July 12, 2018, Plaintiff sent Defendant Borough of Wallington ("Defendant Wallington") a correspondence enclosing Plaintiff's First Set of Interrogatories directed at Defendant Wallington, a First Set of Interrogatories directed at Defendant Kudlacik, a First Set of Interrogatories directed at Defendant Baginski, and a First Notice to Produce at all Defendants.  On October 5, 2018, Plaintiff sent Defendants a correspondence enclosing notices to take oral depositions of Defendant Kudlacik and Defendant Baginski.

   On January 7, 2019, Plaintiff sent a good faith discovery correspondence to Defendants specifically requesting responses to the First Set of Interrogatories directed to Defendant Wallington, as well as responses to the First Notice to Produce documents directed at all

Defendants that were then still outstanding.[1]  At the time the correspondence was sent, Defendant Baginski had obtained new counsel separate from Defendant Wallington in connection with this litigation.  The correspondence made a specific request "that Defendant Baginski respond to the Notice to Produce Documents in addition to the interrogatory responses."

On or about February 15, 2019, Defendant Wallington sent to Plaintiff responses to the First Set of Interrogatories along with Defendant Wallington's and Defendant Kudlacik's responses to Plaintiff's First Notice to Produce.  On or about February 27, 2019, Defendant Baginski sent a correspondence claiming to join co-Defendants Wallington and Defendant Kudlacik's responses to Plaintiff's First Notice to produce.

Plaintiff contends Defendant Baginski must provide written responses to the First Notice to Produce, and cannot join in the responses of a separately represented co-Defendant.  On March 12, 2019, Plaintiff send Defendants a correspondence that, *inter alia*, requested more specific responses to Plaintiff's discovery. This correspondence explained that Defendant Wallington had failed to produce documents responsive to requests #3, #5, #6, and #23, where the following responses were provided:

> "3.  Produce the complete personnel file of Sean Kudlacik including, but not limited to, his employment application, any records pertaining to his duties and responsibilities, promotions, schedules, and performance evaluations.
>
> **These defendants object to the production of the individual Defendants' personnel files as the same contain confidential information and personal identifiers unrelated to this litigation. NJAC 13:1E-3.2(a).**
>
> 5.  Any and all meeting minutes of the Weehawken Fire Squad from January 2013 through December 2015.
>
> **To be provided.**
>
> 6. Produce any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a

---

[1] Defendant Kudlacik's Interrogatory responses were received on or about October 23, 2018, and Defendant Baginski's Interrogatory Responses were received on or about December 27, 2018.

judgment that may be entered in this action or to indemnify or reimburse for payment made to satisfy the judgment.

**To be provided.**

23. Produce any and all insurance policies secured by you for personal liability.

**To be provided.**"

In discovery to co-Defendant Baginski, Plaintiff further requested his personnel file. Defendant Baginski has received public hearings about his employment and lost his role as Borough Administrator in Wallington since Plaintiff first commenced this case. Plaintiff contends the personnel files are not subject to state law privilege. In addition, Plaintiff contends the personnel file of Defendant Kudlacik, as well as any internal affairs investigations involving Defendant Kudlacik or Defendant Wallington would be highly relevant to Plaintiff's civil rights claims.

On April 4, 2019, Plaintiff sent another good faith follow up letter related to the outstanding paper discovery to Defendants. This correspondence also included a Second Notice to Produce documents directed at all Defendants. In this correspondence, Plaintiff specified:

> "[E]nclosed you will find Plaintiff's Second Notice to Produce. Since Defendant Baginski did not have his own counsel at the inception of this case, I have supplied separate copies of the same requests for Defendant Baginski and the Borough of Wallington."

On April 15, 2019, Plaintiff's counsel followed-up with Defendants via electronic mail seeking to obtain mutually agreeable deposition dates for Defendant Kudlacik and Defendant Baginski, which depositions were then still outstanding.

On April 17, 2019, Plaintiff served a second deposition. Counsel for Defendant Baginski responded on May 3, 2019 that he was having difficulty obtaining a deposition date for Defendant Baginski, and that he was working with Defendant Baginski's personal attorney to

3

obtain dates.[2]  No date for Defendant Baginski's deposition has been supplied.

### Defendant Kudlacik's Deposition Testimony and Objection to Use of Grand Jury Testimony

Defendant Kudlacik's deposition was completed on May 9, 2019.  During Defendant Kudlacik's deposition, his counsel objected to Plaintiff use of his grand jury testimony as an exhibit.  Plaintiff's counsel agreed to forgo using the exhibit until a court ruled on whether it was privileged, which was memorialized on the record during the following colloquy between counsel:

> **Plaintiff's counsel**: We were about to mark the grand jury minutes and then a colloquy ensued about whether they are even allowed to be used in the context of a civil rights case.  Plaintiff's counsel believes that they can be used because that's a malicious prosecution claim and it's highly relevant and there's no other way to get to it.
>
> Defense counsel though has an objection and we've agreed not to put it into the record at this point.
>
> . . .
>
> **Defendant Wallington/Kudlacik's counsel**: Defense's position is that the grand jury testimony is confidential and pursuant to Rule 3:6-6 it's limited of when transcripts of grand jury proceedings can [be] used after an indictment and there's some language in there about protective orders and confidentiality.
>
> And at this time I'd just like to reserve to have my client not answer these questions just to avoid any potential violation of any confidentiality until we can have it disposed of by a judge.
>
> . . .
>
> **Plaintiff's counsel**: And if I could, just for the record, there's other privileged documents under state law that plaintiff has sent letters trying to obtain and we will put that in with the que(ue) of issues now.

---

[2] Defendant Baginski is a Plaintiff is a separately pending action in the District of New Jersey captioned Baginski v. Borough of Wallington (No.: 2:17-cv-5320).

Plaintiff's contends there is an evidentiary right in federal court that should not be subverted by any claimed state law privilege to utilize the grand jury testimony in support of his civil rights claims.  Additionally, New Jersey Court Rule 3:6-6 does not apply to this context.  For these reasons, Plaintiff requests leave to file a motion to take a continuing deposition of Defendant Kudlacik related to his grand jury testimony, personnel file, and internal affairs file (if any) because state law privileges do not subvert federal law in this case.

Plaintiff has exhausted good faith efforts short of seeking court intervention to no avail.[3]  On May 24, 2019, the undersigned reached out to defense counsel to communicate concern that discovery had stalled, and court intervention was required to adjudicate the disputes between the parties.  On May 27, 2019, Plaintiff circulated an initial draft of this letter as part of an attempt to prepare a joint letter to the Court as per Your Honor's judicial preferences.

On May 28, 2019, after the deposition of Dorothy Siek, counsel discussed the draft letter and outstanding discovery issues.  At this time, the undersigned recognized defense counsel had not had the opportunity to review the letter as it was drafted on the Memorial Day holiday.  However, no specific date for the deposition of Defendant Baginski could be provided.  More importantly, the nature of the other discovery disputes appeared unsolvable without court intervention since it does not appear that Defendants will not produce certain discovery without a court order.  On May 28, 2019, I specified that I would file a letter to preserve my client's rights if I did not hear back by Friday, May 31, 2019.

At this time, Plaintiff respectfully requests leave to file a discovery motion seeking the following relief: (1) compelling Defendants to respond to paper discovery; (2) compelling Defendants to provide more specific responses to Plaintiff's discovery demands; (3) compelling Defendant Baginski to appear for deposition; (4) declaring grand jury testimony is not subject to state law privilege; and (5) extending the time for completion of fact discovery in the pretrial scheduling order by ninety days.

---

[3] Plaintiff has not included all of the correspondences concerning discovery requests/disputes as exhibits, but they can be supplied to the Court if needed.

5

The current fact discovery end date is June 17, 2019. Counsel for Defendants Wallington/Kudlacik has consented to this request.  Plaintiff appreciates the Court's attention to this matter and is willing to conference this matter at the Court's convenience.

                                          Respectfully Submitted,

                                          s/ Jason A. Rindosh
                                          Jason A. Rindosh, Esq.

cc: all counsel (via ECF)