# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH FEHL,<br><br>          Plaintiff,<br><br>     vs.<br><br>BOROUGH OF WALLINGTON, WITOLD BAGINSKI, in his individual and official capacity as Business Administrator of Wallington, SEAN KUDLACIK, BERGEN COUNTY PROSECUTOR'S OFFICE, JOHN and JANE DOE(s) 1-10 (fictitious person yet to be identified),<br><br>          Defendants. | Civil Action No.: 2:17-cv-11462 (KSH-CLW)<br><br><br><br>Civil Action |

---

**DEFENDANT WITOLD BAGINSKI'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

 

**BOTTA ANGELI, L.L.C.**
*Christopher C. Botta, Esq.*
*Attorney ID# 031561992*
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
Attorneys for Defendant,
 Witold Baginski

1

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................2

TABLE OF AUTHORITIES……………………………………………………. 3

PROCEDURAL HISTORY & PRELIMINARY STATEMENT…………………………..4

STATEMENT OF FACTS ...............................................................................................5

LEGAL ARGUMENT

    Point I        **THE CONSTITUTIONAL CLAIMS AGAINST DEFENDANT BAGINSKI SHOULD BE DISMISSED BECAUSE HE IS ENTITLED TO QUALIFIED IMMUNITY ……………………………………………7**

    Point II       **THERE IS NO BASIS FOR ANY ALLEGATION OF FREE SPEECH RETALIATION AGAINST BAGINSKI……………….……………………12**

    Point III      **THERE IS NO EVIDENCE TO SUPPORT PLAINTIFF'S CLAIM THAT BAGINSKI ENGAGED IN A CONSPIRACY WITH OTHER DEFENDANTS TO VIOLATE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS………………………..15**

    Point IV      **WHERE THERE IS NO MATERIAL QUESTION OF FACT, SUMMARY JUDGMENT IS APPROPRIATE AND SHOULD BE GRANTED………………………17**

CONCLUSION............................................................................................................19

# **TABLE OF AUTHORITIES**

**Cases**

Bd. of Educ. v. Hoek, 28 N.J. 213, 238 (1962). ............................................................................. 15

Big Apple BMW v. BMW of North America, 974 F.2d 1358, 1363 (3d Cir. 1992 ..................... 18

Borden v. School Dist. of the Twp. of East Brunswick, 523 F.3d 153, 168 (3rd Cir. 2008)...... 13

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)............................................................ 17, 18

Connick v. Myers, 461 U.S. 138, 147-148 (1983)........................................................................ 13

First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968)........................ 18

Garcetti v. Ceballos, 547 U.S. 410, 417 (2006)............................................................................ 13

Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009) ................................................................ 12

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). ............. 17

Morgan v. Union County Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993), certif. denied 135 N.J. 468 (1994) ................................................................................. 15

Reilly v. City of Atlantic City, 532 F.3d 216, 224 (3d Cir. 2008).............................................. 13

Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). ....................... 18

Rose v. Bartle, 871 F.2d 331, 352 (3d Cir. 1989)......................................................................... 10

See McGreevy v. Stroup, 413 F.3d 359, 365 (3d Cir. 1995)......................................................... 13

Starzell v City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008) .............................................. 15

Thomas v. Independence Township, 463 F.3d 285, 296 (3rd Cir. 2006) ................................... 12

**Statutes**

42 U.S.C. §1983........................................................................................................................ 12, 15

**Rules**

F.R.C.P. 12(b)(6) ............................................................................................................................. 17

F.R.C.P. 56 ...................................................................................................................................... 17

F.R.C.P. 56(c)............................................................................................................................ 17, 18

F.R.C.P. 56(c). ................................................................................................................................ 17

3

## PROCEDURAL HISTORY & PRELIMINARY STATEMENT

Defendant Witold Baginski (hereafter "Baginski") adopts and repeats the Preliminary Statement and Procedural History submitted by the co-defendants Borough of Wallington and Officer Sean Kudlacik.

This litigation arises from an incident that occurred on July 3, 2014. According to Plaintiff, he ran out of the Wallington Firehouse to respond to an emergency call. He woke up after being unconscious and believed he was struck by a car. He later made a statement in a police report stating same, and submitted a claim for workers compensation to pay his hospital bills. It was later determined through police investigation that the plaintiff was not stuck by a vehicle. He was charged with submitting a false report and insurance fraud by the Wallington Police, and indicted by a Grand Jury, but later acquitted after a jury trial in Bergen County.

Plaintiff thereafter filed a Complaint in the United States District Court in Newark against the Borough of Wallington, Wallington Police Officer Sean Kudlacik and Wallington Borough Clerk/Borough Administrator Witold Baginski. Specifically, plaintiff alleges that defendant Baginski engaged in a conspiracy with the other defendants to frame and prosecute him for the criminal charges arising from the incident on July 3, 2014, and retaliated against him by removing him from the Fire Department.

**STATEMENT OF FACTS**

Defendant Baginski hereby adopts the entirety of the Statement of Facts submitted by the co-defendants Borough of Wallington and Officer Sean Kudlacik, and adds the following:

1. At all relevant times, he was the Borough Administrator/Borough Clerk for the Borough of Wallington.

2. As part of his official duties, Baginski was responsible for ensuring that the proper paperwork was submitted by employees to the Borough's Workers Compensation administrator in a timely manner when an employee or volunteer was injured on the job.

3. Baginski had no interaction with plaintiff about any insurance claims relating to the Fire Department "dive suits" destroyed in Hurricane Sandy in 2012.

4. Baginski neither completed nor submitted the Police Report, nor the First Report of Injury relating to the July 3, 2014 incident involving plaintiff.

5. Baginski took no active role in the investigation, indictment and prosecution of plaintiff for issues surrounding the incident on July 3, 2014 and the criminal charges against plaintiff for insurance fraud and submitting a false report.

6. Baginski has no role in the Wallington police department, nor does he take an active part in any police investigations.

7. Baginski did not conspire with Officer Kudlacik to prosecute plaintiff for insurance fraud and submitting a false report.

8. Baginski did not have a personal relationship with either Officer Kudlacik or plaintiff Joseph Fehl beyond the normal "hello, goodbye" at events and around Borough Hall.

10. Baginski took no action against plaintiff in connection with plaintiff's position as a volunteer in the Borough.

11. Plaintiff, Joseph Fehl, was removed from the Wallington Fire Department after his arrest for insurance fraud and filing a false report by his own fellow firemen, not Baginski.

12. Plaintiff, Joseph Fehl, has not identified any evidence that Baginski conspired with Officer Kudlacik or anyone else to prosecute plaintiff for insurance fraud and submitting a false report, or that Baginski took any active role in the investigation, indictment and prosecution of plaintiff for the incident.

## LEGAL ARGUMENT

### POINT I

### THE CONSTITUTIONAL CLAIMS AGAINST DEFENDANT BAGINSKI SHOULD BE DISMISSED BECAUSE HE IS ENTITLED TO QUALIFIED IMMUNITY

The question before the Court is whether defendant Baginski is entitled to qualified immunity. The doctrine of qualified immunity provides that government officials performing discretionary functions . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Thus, government officials are immune from suit in their individual capacities unless, "taken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right" and "the right was clearly established" at the time of the objectionable conduct. Saucier v. Katz, 533 U.S. 194, 201 (2001).

Qualified immunity is an affirmative defense that shields government officials who perform discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Person v. Callahan, 555 U.S. 223, 231 (2009). The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably" and it "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. Id. Qualified immunity confers government officials with "breathing

7

room to make reasonable but mistaken judgments about open legal questions" and shields "all but the plainly incompetent or those who knowingly violate the law." Ashcroff v. al-Kidd, 563 U.S. 731, 743 (2011) quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). The underlying rationale of qualified immunity is "to acknowledge that reasonable mistakes can be made." Saucier v. Katz, 533 U.S. 194, 205 (2001). Therefore, "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action. . .assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982)).

Once a defendant raises the defense of qualified immunity, a plaintiff has the burden of proving that (1) the government official violated a statutory or constitutional right; and (2) the asserted right was clearly established at the time of the challenged conduct. al-Kidd, 563 U.S. at 735. Courts have discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first," Person, 555 U.S. at 236, and can dismiss claims under prong two "without ever ruling on" prong one, Camreta v. Greene, 563 U.S. 692, 705 (2011). In all, qualified immunity is a threshold issue that should be resolved at the outset of litigation. Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995).

With regard to the "clearly established right" prong, "[a] clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" Mullenix v. Luna, 136 S.Ct. 305, 308 (2015) (internal quotations omitted) (emphasis added). "The inquiry focused on the state of the relevant law when the violation allegedly occurred." Williams v. Sec'v Pa. Dep't of Corr., 848 F.3d 549, 570 (3d Cir. 2017). Courts in the Third Circuit "typically look to Supreme Court precedent or a consensus in

the Courts of Appeals" to determine if an official has "fair warning that his conduct would be unconstitutional" and that the contours of the right are "sufficiently clear." Kedra v. Schroeter, 876 F.3d 424, 449-50 (3d Cir. 2017). In short, to satisfy the second prong of the qualified immunity inquiry, a plaintiff must show that a "general constitutional rule [has been] already identified in the decisional law" and applies with "obvious clarity." Id. at 450 (quoting Hope v. Pelzer, 536 U.S. 730, 741 (2002)).

In addition to the arguments set forth above, in order "[t]o impose liability on individual defendants pursuant to 42 U.S.C. § 1983, Plaintiffs must show that each one individually participated in the alleged constitutional violation or approved of it." C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988).

To establish personal liability under § 1983, a plaintiff must show that a defendant (i) "participated in violating" the plaintiff's rights; (ii) "directed others to violate" the plaintiff's rights; or (iii) as a supervisor, "had knowledge of and acquiesced in his subordinates' violations." Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Here, Defendant Baginski is entitled to qualified immunity. Plaintiff has not sufficiently alleged that Defendant Baginski violated a constitutional or statutory right, nor that he had active individual involvement or supervisory involvement in the investigation, arrest or prosecution of the plaintiff. Specifically, Plaintiff has not shown by "controlling authority" or "a robust 'consensus of cases of persuasive authority'" that the Defendant has violated any right. See

9

District of Columbia v. Wesby, 138 S.Ct. 577, 589-90 (2018) (quoting al-Kidd, 563 U.S. at 741-742).

Further, as set forth in the co-defendants' Brief, the Wallington defendants had probable cause to arrest plaintiff, as evidenced by the facts presented to the officers at the time of the arrest. Even more persuasive, the Third Circuit has held that a Grand Jury Indictment is prima facie evidence of probable cause for Plaintiff's prosecution and in the absence of any facts evidencing that there had been fraud, perjury, or other corrupt means employed by any of these Defendants to obtain said Indictment, Plaintiff's claim fails as a matter of law. Rose v. Bartle, 871 F.2d 331, 352 (3d Cir. 1989).

Baginski was the Borough Administrator at the time of the incident, and police investigation. He had no active role in the police investigation, and merely was responsible for "pushing the paperwork" completed by the plaintiff and his supervisor in connection with the underlying claim for workers compensation benefits. This is mandated when an employee or volunteer is injured on the job, which was alleged by plaintiff in this instance. It is clear that there was probable cause for Plaintiff's arrest and prosecution based on the information available to the officer, and the Municipal Court Judge, at the time of his arrest. In addition, a Bergen County Grand Jury indicted Plaintiff for the same criminal charges and there has been no evidence presented that there was any fraud or corrupt means employed by the co-defendants or Baginski to obtain the indictment, which is *primae facie* evidence of probable cause.

Furthermore, there is no evidence in the record, since it does not exist, that defendant Baginski had any malicious intent or improper motive in the Grand Jury process or the overall investigation and prosecution of this crime and this plaintiff, since he took no part in the investigation, and did not even testify at the Grand Jury or criminal trial. Further, once the Grand

10

Jury indicted the plaintiff, prosecution was handled exclusively by the Bergen County Prosecutor's Office. These facts negate Plaintiff's claim of malicious prosecution, which is eliminates any question as to whether a clearly established right of the plaintiff was violated by Baginski. Therefore, Plaintiff cannot state a claim for a violation of a clearly established right, since Baginski did not initiate the prosecution, there was probable cause for the arrest, and there was no fraud or malicious intent on the part of the defendants. As such, the plaintiff's claim for violation of constitutional rights against Baginski must fail and should be dismissed.

**POINT II**

**THERE IS NO BASIS FOR ANY ALLEGATION OF FREE SPEECH RETALIATION AGAINST BAGINSKI**

Plaintiff's Complaint purports to allege that the Defendants, including Baginski, violated the provisions of 42 U.S.C. § 1983 by retaliating against him in some manner due to his protected free speech.

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. To state a claim for relief under § 1983, a plaintiff must allege, 1) the violation of a right secured by the Constitution or laws of the United States and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

To establish a First Amendment retaliation claim, a plaintiff must establish that "(i) he engaged in activity protected by the First Amendment; (ii) [the] defendants retaliated in response; and (iii) [the] defendants could not rebut the claim by demonstrating that they would have taken the same action even in the absence of the protected speech." Ober v. Brown, 105 Fed.Appx. 345, 346–47 (3d Cir. 2004). "The first question is a matter of law, while the additional questions are matters of fact." Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009). The retaliatory action must be causally linked to the constitutionally protected conduct and must be sufficient to deter a person of ordinary firmness from exercising his constitutional rights. Thomas v. Independence Township, 463 F.3d 285, 296 (3rd Cir. 2006).

It is absolutely fundamental that in order to establish a retaliation claim under the First Amendment, a public employee must show that his speech is constitutionally protected. Young v. Township of Irvington, 629 Fed.Appx. 352, 357 (3d Cir. 2015) *citing*, Flora v. Cty. of Luzerne,

776 F.3d 169, 174 (3d Cir.2015). The complained-of free speech must be a matter of "public concern" for it to satisfy the first element of a § 1983 claim. Borough of Duryea v. Guarnieri, 564 U.S. 379, 386 (2011).  There is an important distinction between speech related to personal interest and speech related to matters of importance to the community. McGreevy v. Stroup, 413 F.3d 359, 365 (3d Cir. 1995).  If the employee's speech relates only to his or her personal interest, the First Amendment does not protect the speech and there is no claim under § 1983. Borden v. School Dist. of the Twp. of East Brunswick, 523 F.3d 153, 168 (3rd Cir. 2008).  "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 467 (3d Cir. 2015).  Generally, when public employees make statements about their official duties they are not speaking as citizens with First Amendment protection. Garcetti v. Ceballos, 547 U.S. 410, 421 (2006); Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006).

   Retaliation for protected speech is a fundamental element to a plaintiff's First Amendment retaliation claim under § 1983.  Reilly v. City of Atlantic City, 532 F.3d 216, 224 (3d Cir. 2008). The plaintiff must demonstrate that the protected speech or activity was a substantial or motivating factor in the alleged retaliation against the plaintiff.  Id.

   As set forth in plaintiff's Complaint, the allegations of free speech by plaintiff all concern issues relating to his own personal interest. He alleges without any factual support that his landscaping company did not get a bid for seeding at a Borough park in 2012. Plaintiff also references his personal complaint about an insurance claim submitted by the Borough which related to losses from Hurricane Sandy in 2012. Plaintiff allegedly complained that his Fire Company did not get new "dive suits" that were lost in Hurricane Sandy in 2012, although an

13

insurance claim was submitted to FEMA for substantial Borough losses from the storm. Baginski did not have any interaction or conversation with the plaintiff on this issue. Nevertheless, these personal complaints are just that, and there is no evidence other than plaintiff's unsubstantiated gripes of any personal, malicious involvement by Baginski.

Further, there is no evidence of any retaliation specifically related to any such protected speech or activity. In fact, there is no evidence of retaliation whatsoever. Plaintiff has not demonstrated or presented any "adverse employment action" taken against him personally by Baginski. The only negative event that occurred was the criminal prosecution initiated by Wallington Police and prosecuted by the Bergen County Prosecutor's Office as a result of the plaintiff's own wrongful actions. Also, plaintiff was suspended from his Fire Company by its members, his fellow firefighters, as a result of his arrest and indictment, <u>not</u> by Baginski.

## POINT III

**THERE IS NO EVIDENCE TO SUPPORT PLAINTIFF'S CLAIM THAT BAGINSKI ENGAGED IN A CONSPIRACY WITH OTHER DEFENDANTS TO VIOLATE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS**

Plaintiff's Complaint generally alleges, without any basis, that Baginski engaged in some sort of conspiracy with the other defendants to deny or violate the plaintiff's Constitutional rights. There is absolutely no evidence to support these claims.

Pursuant to 42 U.S.C. §1983, a claim for a civil conspiracy will only prevail with proof of "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177–78 (2005). "Most importantly, the gist of the claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action.'" Bd. of Educ. v. Hoek, 28 N.J. 213, 238 (1962).

A conspiracy claim under Section 1983 requires a "meeting of the minds" and to survive a motion to dismiss, plaintiffs must provide some factual basis to support the existence of the elements of conspiracy, namely, agreement and concerted action. Starzell v City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008). Here, there is no evidence of any unlawful act by Baginski in connection with the plaintiff, nor is there any evidence of a "meeting of the minds" among the defendants to damage the plaintiff. While the Wallington police department was involved in the investigation of a potential crime, defendant Baginski played no role in any investigation of the plaintiff in connection with the incident on July 3, 2014, and the subsequent false statement in a police report and wrongful submission of a claim for workers compensation benefits. At best,

15

Baginski made sure that the First Report of Injury form completed by plaintiff and his supervisor got to the right place, which was his responsibility as Borough Administrator. There is no evidence that any part of the investigation was out of the ordinary, nor that the defendants as a whole acted in concert to "frame" the plaintiff. Only the rambling, unsupported allegations of the plaintiff in the Complaint even reference such claims. This is not enough to defeat a properly supported Motion for Summary Judgment, nor to overcome the high burden of the legal elements of this cause of action. As such, Plaintiff's conspiracy claims in the instant action against Baginski must also fail as a matter of law.

# POINT IV

## WHERE THERE IS NO MATERIAL QUESTION OF FACT, SUMMARY JUDGMENT IS APPROPRIATE AND SHOULD BE GRANTED

Defendant's Motion for Summary Judgment, pursuant to F.R.C.P. 56 should be granted. In order to prevail on a motion for summary judgment pursuant to F.R.C.P. 56 the movant must demonstrate that there is no genuine issue of material fact as to any of the claims pleaded. To overcome such a motion, plaintiff must demonstrate the existence of factual issues sufficient to support a prima facie case for the claims, instead of demonstrating that their claims are legally viable as pleaded, as would have been required under a F.R.C.P. 12(b)(6) motion to dismiss.

The principal purpose of F.R.C.P. 56 is to isolate and to dispose of factually unsupported claims or defenses through summary judgment, thus obviating the need for protracted and inefficient litigation where possible. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c).

In order to prevail on a motion for summary judgment the moving party must establish that no genuine issue of material fact exists. F.R.C.P. 56(c). Upon such a showing, the burden then shifts to the non-moving party, here Plaintiff, to present evidence that a genuine factual dispute compels a trial. Id. In so presenting, the non-movant must offer specific facts that establish a genuine issue of material fact, not merely "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "A party opposing a properly-supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but...must set forth specific facts showing that there is a

genuine issue for trial.'" First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968). Speculation and conclusory allegations on the part of the non-movant do not satisfy this obligation. Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Furthermore, "an opponent may not prevail merely by discrediting the credibility of the movant's evidence; it must produce some affirmative evidence" in support of its claims. Big Apple BMW v. BMW of North America, 974 F.2d 1358, 1363 (3d Cir. 1992).

Finally, F.R.C.P. 56(c) explicitly "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322-23. The court wields no discretion regarding the dismissal of such deficient claims. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

It is submitted that based upon a review of the Motion Record there exists no genuine issue of material fact in support of Plaintiff's claims, such that Summary Judgment should be granted in favor of Baginski.

**CONCLUSION**

For all of the foregoing reasons, and those set forth in co-defendants Motion for Summary Judgment, it is respectfully submitted that Baginski's Motion for Summary Judgment be granted in its entirety, and Plaintiff's Complaint be dismissed with prejudice as against him.

        Respectfully Submitted,

        **BOTTA ANGELI, L.L.C.**
        *Attorneys for Defendant,*
        *Witold Baginski*

        By *Christopher C. Botta*
          Christopher C. Botta

Dated: December 17, 2020