Mary C. McDonnell, Esq. - Attorney ID#: 0452271992
Pfund McDonnell, P.C.
139 Prospect Street, 2nd Floor
Ridgewood, NJ 07450
(201) 857-5040
Attorneys for Defendants, Borough of Wallington and Sean Kudlacik

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *Plaintiff(s)* <br><br> JOSEPH FEHL <br><br> vs. <br><br> *Defendant(s)* <br><br> BOROUGH OF WALLINGTON, WITOLD BAGINSKI, an individual and official capacity as Business Administrator of Wallington, SEAN KUDLACIK, BERGEN COUNTY PROSECUTOR'S OFFICE, JOHN AND JANE DOE 1-10 | CIVIL ACTION NO. 2:17 cv 11462 <br><br> (KSH-CLW) |

## DEFENDANTS BOROUGH OF WALLINGTON AND
## SEAN KUDLACIK'S BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

*On the Brief*
*Mary C. McDonnell, Esq.*
*Joseph A. Keane, Esq.*

## Table of Contents

PRELIMINARY STATEMENT ................................................................... 1

PROCEDURAL HISTORY ...................................................................... 4

STATEMENT OF FACTS ....................................................................... 5

LEGAL ARGUMENT .............................................................................. 8

    POINT I: DEFENDANTS BOROUGH OF WALLINGTON AND OFFICER
    KUDLACIK ARE ENTITLED TO QUALIFIED IMMUNITY .......................... 8

      A.  Defendants are Entitled to Qualified Immunity because Officer Kudlacik
      had Lawful Authority to Arrest Plaintiff, therefore Plaintiff's False Arrest
      Claim Fails................................................................................ 10

      B, Plaintiff's Claim that he was Falsely Imprisoned Fails because Officer
      Kudlacik had Lawful Authority to Arrest Plaintiff, therefore Defendants are
      Entitled to Qualified Immunity ........................................................ 18

      C. Officer Kudlacik Did Not Maliciously Prosecute Plaintiff because he had
      Probable Cause to Charge and Arrest Him, therefore Defendants are Entitled to
      Qualified Immunity .................................................................... 20

      D. Defendants Did Not Commit an Abuse of Process in Charging and
      Arresting Plaintiff and are therefore Entitled to Qualified Immunity.............. 23

      E. Plaintiff's § 1983 Retaliation Claim Must Fail because Officer Kudlacik
      Had Probable Cause to Charge and Arrest Plaintiff, therefore Defendants are
      Entitled to Qualified Immunity ........................................................ 25

    POINT II: DEFENDANT BOROUGH OF WALLINGTON CANNOT BE
    LIABLE FOR VIOLATING PLAINTIFF'S §1983 RIGHTS ............................ 30

    POINT III: DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT
    AS MATTER OF LAW.................................................................... 33

    CONCLUSION ........................................................................... 36

## Table of Authorities

# Cases

Alfano v. Schaud, 429 N.J. Super. 469 (App. Div. 2013)..........................................34

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)....................................33

Ash v. Cohn, 119 N.J.L. 54, 194 A. 174 (1937) ......................................................24

Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994) ....................13, 22

Beck v. City of Pittsburgh, 89 F.3d 966, 975-76 (3d Cir. 1996) ...........................32

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)...............................................33

City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) .....................................31

District of Columbia v. Wesby, 138 S. Ct. 577, 586, 199 L.Ed.2d 453, 463 (2018)
..............................................................................................................................14

Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988) .................................13

Dunaway v. New York, 442 U.S. 200, 207-208, 99 S. Ct. 2248, 60 L. Ed. 2d 824
(1979)....................................................................................................................10

Eichenlaub v. Twp. of Ind., 385 F.3d 274, 282 (3d Cir. 2004)...............................25

Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). 11

Good v. Dauphin Cty. Soc. Servs. for Children & Youth, 891 F.2d 1087, 1091 (3d
Cir. 1989) .............................................................................................................10

Hartman v. Moore, 547 U.S. 250, 126 S. Ct. 1695, 164 L.Ed.2d 441 (2006) ........26

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ............................................20, 21

Illinois v. Gates, 462 U. S. 213, 232, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) .. 14,
17

Jett v. Dallas Independent School District, 491 U.S. 701 (1989); ..........................31

Jewett v. IDT Corp., No. 04-1454, 2007 U.S. Dist. LEXIS 67284, at *7 (D.N.J. Sept.
11, 2007) ...............................................................................................................23

Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007) ...........................................13, 21

Kaley v. United States, 571 U. S. ___, ___ , 571 U.S. 320, 134 S. Ct. 1090, 1103, 188 L. Ed. 2d 46, 62 (2014) ................................................................................. 14

Kalina v. Fletcher, 522 U.S. 118, 130, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997) . 11

Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) .......................................... 21

Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) ..................... 30

Larsen v. Senate of the Commonwealth, 154 F.3d 82, 94 (1998) .......................... 28

Marino v. Indus. Crating, Co., 358 F.3d 241, 247 (3d Cir. 2004) ......................... 33

Maryland v. Pringle, 540 U. S. 366, 371, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003) ................................................................................................................................ 14

McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) ......................................... 31

Monell v. New York Dep't Of Soc. Servs., 436 U.S. 658, 690 (1978) .................. 30

Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) .............................. 21

Nieves v. Bartlett, 139 S. Ct. 1715, 1726, 204 L.Ed.2d 1, 14 (2019) ............... 26, 27

Ornelas v. United States, 517 U. S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996) ...................................................................................................................... 14

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986) ............................................. 31

Penwag Prop. Co. v. Landau, 148 N.J. Super 493, 499, 372 A.2d 1162 (App. Div. 1977) ...................................................................................................................... 24

Pierson v. Ray, 386 U.S. 547, 555, 87 S. Ct. 1213, 1218, 18 L.Ed.2d 288, 295 (1967) ............................................................................................................................ 15, 17

Pignataro, v.  Port Auth. Of New York & New Jersey, 593 F.3d 265, 268 (3d Cir. 2010) ...................................................................................................................... 33

Pollock v. City of Phila., 403 Fed. App'x 664, 669 (3d Cir. 2010) ....................... 13

Rojas v. City of New Brunswick, No. 04-3195, 2008 U.S. Dist. LEXIS 57974, at *87 (D.N.J. Jun. 4, 2008) ....................................................................................... 24

Ruberton v. Gabage, 280 N.J. Super. 125, 131, 654 A.2d 1002 (App. Div. 1995) 24

Saldana v.  Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) .................................. 34

iv

Schoch v. First Fidelity Bancorp., 912 F.2d 654, 657 (3d Cir. 1990) .................... 34

Scott v. United States, 436 U.S. 128, 138, 98 S. Ct. 1717, 56 L. Ed. 2d 168 (1978)
................................................................................................................................... 13

Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997) ..................................... 11

Simone v. Golden Nugget Hotel & Casino 844 F.2d 1031, 1036-37 (3d Cir. 1988)
................................................................................................................................... 23

Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)................... 34

Soos v. Soos, 14 N.J. Misc. 381, 185 A. 386 (N.J. Ch. 1936) ................................ 24

Tedards v. Auty, 232 N.J. Super 541, 550, 557 A.2d 1030 (App. Div. 1989) ....... 24

Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006) ..................................... 25

United States v. Davis, 617 F.2d 677, 694, 199 U.S. App. D.C. 95 (D.C. Cir. 1979)
................................................................................................................................... 12

United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002) ..................................... 13

Wallace v. Kato, 549 U.S. 384, 388-89, 127 S. Ct. 1091, 1095, 166 L.Ed.2d 973,
980-81 (2007)........................................................................................................ 18

Whren v. United States, 517 U.S. 806, 814, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996)
................................................................................................................................... 13

Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000) ................................................ 11

Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005) ................... 34

Wright v. City of Phila., 409 F.3d 595, 603-04 (3d Cir. 2005).............................. 22

## Statutes

N.J.S.A. § 2C:28-7A(1)................................................................................................ 7

N.J.S.A. §59:2-10, .................................................................................................... 18

## Rules

Fed. R. Civ. P. 56 ..................................................................................................... 33

## Treatises

M. Newell, Law of Malicious Prosecution, False Imprisonment, and Abuse of Legal Process § 2, p 57 (1892)............................................................................24

## PRELIMINARY STATEMENT

This Motion for Summary Judgment is submitted on behalf of Defendants, Borough of Wallington (the "Borough") and Shawn Kudlacik ("Officer Kudlacik"), a Captain with the Wallington Police Department ("WPD"). Plaintiff alleges civil liability arising out of his arrest and indictment for insurance fraud and for falsifying a public document. Defendants contend that this matter is ripe for summary judgment as Officer Kudlacik had probable cause for Plaintiff's arrest and that he is immune from suit on the basis of qualified immunity. Similarly, Plaintiff cannot establish a claim against the Borough of Wallington as a matter of law.

The underlying facts are as follows. Plaintiff Joseph Fehl ("Plaintiff"), a Wallington volunteer fire fighter, alleged that he was struck by a hit-and-run driver while he was responding to an emergency call in the early hours of the Fourth of July holiday. The undisputed evidence establishes that the WPD conducted a thorough investigation to identify the suspect vehicle that allegedly struck Plaintiff, as he was "one of their own." The officers involved were not only concerned for Plaintiff's safety, but wanted to catch the perpetrator who struck Plaintiff with his motor vehicle. Originally, Plaintiff reported that a small black car had sped down the street striking him, throwing him on the hood and carrying him 20 feet away from the impact. He allegedly lost consciousness as a result of the impact. Plaintiff

reported the hit-and-run incident to the WPD and to his supervisor and filled out a First Report of Injury with the Borough, as required.

Despite Plaintiff's claims of being struck by a hit-and-run vehicle, the WPD's investigation revealed no evidence whatsoever that a hit-and-run accident had occurred. The WPD's investigation did not find any witnesses to the accident, Plaintiff's version of the events changed numerous times, there was no physical evidence at the scene-- no skid marks, no glass, no debris, and no evidence of any serious injury suffered by Plaintiff. The WPD canvassed the area in search of a small black car, but no car matching the description was located. The WPD then located, obtained and reviewed video footage from neighboring homes. In furtherance of the investigation, the WPD, specifically Officer Kudlacik, interviewed first responders and two friends of Plaintiff that were "hanging out" in the firehouse prior to the incident. A detailed review of video surveillance revealed that no cars, other than Plaintiff's own, had traveled down the street where the accident allegedly happened.

Based on a totality of the circumstances, Officer Kudlacik asked Plaintiff to report to the police station. After reading Plaintiff his Miranda rights and conducting a taped interview, Officer Kudlacik consulted with the Bergen County Prosecutor's Office ("BCPO"), who advised him to charge Plaintiff with insurance fraud and falsifying police reports. After speaking to the BCPO, and believing he had probable cause to arrest Plaintiff, Officer Kudlacik, in accordance with established police

2

practices, contacted Judge Sondey, the Municipal Court Judge to present the evidence. Judge Sondey found probable cause to arrest Plaintiff and executed the Complaint - Warrant for Plaintiff's arrest on charges of insurance fraud and falsifying a public document. The matter was later transferred to the BCPO and presented to a Bergen County Grand Jury, who indicted Plaintiff on all charges. Although Plaintiff was acquitted, it is undisputed that probable cause was found.

Plaintiff seeks damages for False Arrest, Malicious Prosecution, Abuse of Process, Free Speech Retaliation and Municipal Liability. As probable cause was indisputably found by Officer Kudlacik, by Municipal Court Judge Sondey and by a Bergen County Grand Jury, Plaintiff's claims must fail as a matter of law.

For the reasons set forth herein, Summary Judgment should be granted as Officer Kudlacik and the Borough are entitled to qualified immunity because the undisputed facts establish probable cause was independently found, which is fatal to Plaintiff's claims.

Accordingly, this matter is ripe for summary judgment. Plaintiff's Complaint must be dismissed with prejudice as there is no genuine issue of material fact to be decided by a factfinder.

## **PROCEDURAL HISTORY**

1.    Plaintiff filed his eight-count complaint on November 9, 2017, alleging

Defendants violated Federal and New Jersey state law by infringing

upon Plaintiff's constitutional rights.

2.    Defendant Bergen County Prosecutor's Office was voluntarily dismissed

from this action.

3.    Discovery concluded pursuant to the Court's Order on June 17, 2019.

4.    Defendants filed a Motion for Summary Judgment on October 23, 2020

(ECF #39).

5.    Defendant Baginski filed a cross Motion for Summary Judgment (ECF

#40).

6.    On November 12, the Court entered an Order terminating the motions

(ECF #43) requiring Defendants to re-file motions for Summary

Judgment on the discrete issue of the application of qualified immunity

under the circumstances of the case.

7.    Defendants Borough of Wallington and Officer Kudlacik now move for

Summary Judgment.

## **STATEMENT OF FACTS**

Plaintiff was charged with insurance fraud and falsifying a police report after reporting that he was the victim of a hit-and-run accident (McDonnell Cert., at Exhibit "I"). The WPD, under the direction of Officer Kudlacik, investigated the allegations fervently as Plaintiff was "one of their own" serving as a volunteer with the Borough Fire Department (McDonnell Cert., at Exhibits "E" - "S"). After the WPD investigation revealed no physical evidence at the scene of the alleged accident, injuries inconsistent with Plaintiff's account, surveillance video revealing no car traveling down the street of the alleged accident, Officer Kudlacik called Plaintiff down to the station for an interview. After reading Plaintiff his Miranda rights (McDonnell Cert., at Exhibit "N") Officer Kudlacik conducted a taped interview of Plaintiff and found there to be probable cause for his arrest (McDonnell Cert., at Exhibit "O"). Before charging Plaintiff, he consulted with the BCPO, and called Municipal Court Judge Sondey to obtain probable cause. Judge Sondey found probable cause for the arrest and authorized the issuance of a Complaint-Warrant (McDonnell Cert., at Exhibit "P"). Officer Kudlacik then arrested Plaintiff and charged him with insurance fraud (N.J.S.A. § 2C:21-4.6) and tampering with public records or information (N.J.S.A. § 2C:28-7a) (McDonnell Cert., at Exhibits "E" and "P"). The matter was later turned over to the BCPO for investigation, and the matter was presented to a Bergen County Grand Jury (McDonnell Cert., at Exhibit "Q"). Plaintiff

was indicted on all charges, prima facie evidence of a finding of probable cause (McDonnell Cert., at Exhibit "R").  Following a jury trial, Plaintiff was found not guilty (McDonnell Cert., at Exhibit "S") and the charges were dismissed.

With respect to the happening of the underlying incident, on the night of July 3, 2014, Plaintiff, a volunteer firefighter for the Borough, was "hanging out" at the firehouse with two friends, who were not members of the Wallington Fire Department.  By Plaintiff's own account, he left the firehouse to get "chips" leaving his friends at the firehouse (McDonnell Certif., Exhibit "X" at p. 66:25 – p. 67:1-9). Upon his return, an emergency call came in.  Plaintiff testified he returned to the station to drop off the chips and as he was returning to his vehicle, he was struck by a car that fled the scene (Id. at p. 71:20-22).  Plaintiff's account of the incident varies, but in one account, he alleges that he was thrown 20 feet in the air. (McDonnell Cert., at Exhibit "B"). Plaintiff called 911 and told the responding Borough police officer that he was injured as the result of a hit-and-run accident (McDonnell Cert., at Exhibit "B"). Plaintiff was admitted to Hackensack University Medical Center on July 3, 2014 and released on July 6, 2014 (McDonnell Cert., at Exhibit "L").

Plaintiff completed a First Report of Injury form for submission to Bergen Risk Managers because he was injured while on duty (McDonnell Cert., at Exhibit "D"). The WPD investigated Plaintiff's alleged accident and found there to be no evidence of a hit-and-run (McDonnell Cert., at Exhibit "G"). On August 5, 2014,

Plaintiff gave a sworn statement regarding his version of events to Officer Kudlacik (McDonnell Cert., at Exhibit "H").

Officer Kudlacik believed there to be probable cause, consulted with the BCPO who found probable cause, and called Judge Sondey who also found probable cause. A complaint-warrant for Plaintiff's arrest was issued. On August 5, 2014, Plaintiff was charged with insurance fraud (N.J.S.A. § 2C:21-4.6A) and tampering with public records or information (N.J.S.A. § 2C:28-7A(1) (McDonnell Cert., at Exhibit "I"). Plaintiff was released from the custody of the WPD on August 5, 2014 after bail was posted on his behalf (McDonnell Cert., at Exhibit "J").

On August 6, 2014, Bergen Risk Managers denied Plaintiff's claim (McDonnell Cert., at Exhibit "J") finding that there would be no coverage under the Borough's Worker's Compensation plan (McDonnell Cert., at Exhibit "K").

On March 17, 2015, a Bergen County Grand Jury indicted Plaintiff for insurance fraud (N.J.S.A. § 2C:21-4.6A) and tampering with public records or information (N.J.S.A. § 2C:28-7A(1) (McDonnell Cert. at Exhibit "R"). On January 19, 2018, the Honorable Christopher R. Kazlau, J.S.C. presided over a jury trial in the Superior Court of New Jersey, Bergen Vicinage, Criminal Part, in which the charges were dismissed after the jury found Plaintiff to be not guilty (McDonnell Cert., at Exhibit "S").

## LEGAL ARGUMENT

### POINT I: DEFENDANTS BOROUGH OF WALLINGTON AND OFFICER KUDLACIK ARE ENTITLED TO QUALIFIED IMMUNITY

The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violated clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73. L. Ed. 2d 396 (1982). The doctrine protects public officials "from undue interference with their duties and from potentially disabling threats of liability." Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d. Cir. 2005). In accordance with this doctrine, government officials will be immune from suit in their official capacities unless, "taken in the light most favorable to the party asserting the injury . . .the facts alleged show the officer's conduct violated a constitutional right" and "the right was clearly established at the time of the objectionable conduct. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

The United States Supreme Court has held that the Saucier inquiry is no longer mandatory, and that "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 129 S. Ct. 808,

813, 172 L. Ed. 2d 565 (2009). <u>Pearson</u> thus makes clear that "Qualified Immunity" consists of two prongs: Whether a constitutional right was violated, and whether that right was clearly established. If the answer to either inquiry is no, qualified immunity is appropriate.

Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," protecting "all but the plainly incompetent or those who knowingly violate the law." <u>Messerschmidt v. Millender</u>, 132 S. Ct. 1235, 1244, 182 L. Ed. 2d 47 (2012) (internal quotation marks & citations omitted). It is well settled that "[g]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow</u>, 457 U.S. at 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727.

As set forth below, Defendants are entitled to the affirmative defense of qualified immunity. First, Officer Kudlacik is a government official who was reasonably performing the discretionary functions of his job and did not violate Plaintiff's clearly established rights. Second, Officer Kudlacik did not take any action against Plaintiff with the malicious intention of violating his rights. As the undisputed facts show, Officer Kudlacik reasonably believed that Plaintiff had committed a crime. In fact, probable cause was found not only by Officer Kudlacik,

but also by the BCPO, Municipal Court Judge Sondey and by a Bergen County Grand Jury. Further, he executed the standard processes of investigating and prosecuting a crime. On the facts presented Officer Kudlacik could not have reasonably expected that his conduct, would transgress clearly established constitutional norms and is therefore entitled to qualified immunity as a matter of law.

### A. Defendants are Entitled to Qualified Immunity because Officer Kudlacik had Lawful Authority to Arrest Plaintiff, therefore Plaintiff's False Arrest Claim Fails

In Count Two of his Complaint, Plaintiff alleges a False Arrest claim under Federal law. This claim cannot be sustained as a matter of law.  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." An arrest qualifies as a "seizure" of a "person" under this provision and so must be reasonable under the circumstances. Dunaway v. New York, 442 U.S. 200, 207-208, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979). In terms of searches and seizures, state law enforcement officials making judgments in connection with searches and seizures are performing functions sufficiently discretionary to qualify for the immunity defense. Good v. Dauphin Cty. Soc. Servs. for Children & Youth, 891 F.2d 1087, 1091 (3d Cir. 1989).

The Fourth Amendment requires that arrest warrants be based "upon probable cause, supported by Oath or affirmation" Const. Amend IV; <u>Kalina v. Fletcher</u>, 522 U.S. 118, 130, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997). The Supreme Court has held that there is "a presumption of validity with respect to the affidavit supporting [a] search warrant." <u>Franks v. Delaware</u>, 438 U.S. 154, 171, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). This presumption of validity applies with equal force to arrest warrants. *See* <u>Wilson v. Russo</u>, 212 F.3d 781, 786 (3d Cir. 2000). Therefore, in order to rebut this presumption and successfully assert a § 1983 claim for a Fourth Amendment violation due to a false arrest, a plaintiff is required to prove that (1) the officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." <u>Wilson</u>, 212 F.3d at 786-87 (internal quotation marks and citations omitted); *see also,* <u>Franks</u>, 438 U.S. at 171 (1978); <u>Sherwood v. Mulvihill</u>, 113 F.3d 396, 399 (3d Cir. 1997). In conducting this analysis, it is important to establish from the outset that an officer is not obligated to include every single fact unearthed or procedure used during the course of a criminal investigation. *See* <u>Wilson</u>, 212 F.3d at 787.

Proving reckless disregard for the truth requires more than a mere showing of "negligence or innocent mistake." *See id.* (quoting <u>United States v. Davis</u>, 617 F.2d

11

677, 694, 199 U.S. App. D.C. 95 (D.C. Cir. 1979)). The Third Circuit has established

the standard for a finding of "reckless disregard for the truth" for both misstatements

and omissions as follows:

> In evaluating a claim that an officer both asserted and
> omitted facts with reckless disregard for the truth, we hold
> that: (1) omissions are made with reckless disregard for
> the truth when an officer recklessly omits facts that any
> reasonable person would know that a judge would want to
> know; and (2) assertions are made with reckless disregard
> for the truth when an officer has obvious reasons to doubt
> the truth of what he or she is asserting.

*Id.* at 783.

When arresting and charging Plaintiff, Officer Kudlacik was performing a

discretionary function and did not clearly violate established statutory or

constitutional rights. In fact, he followed the appropriate procedures that were

designed to protect the established statutory and constitutional rights of those

arrested, including conducting a thorough investigation of the matter including

conducting interviews and reviewing video surveillance. Officer Kudlacik was not

obligated to include every single fact unearthed in his investigation and used his

discretion to rely on other evidence. After determining that he had probable cause to

charge and arrest Plaintiff he consulted with the BCPO, and went through the proper

procedure to acquire an arrest warrant from the municipal court judge. Judge Sondey

found probable cause, determined an arrest warrant was appropriate, and a

12

complaint-warrant for Plaintiff's arrest was issued (see McDonnell Cert. Exhibit "I"). Officer Kudlacik then executed the warrant and lawfully arrested Plaintiff.

To establish a Fourth Amendment claim for False Arrest, Plaintiff must demonstrate that Officer Kudlacik lacked probable cause to arrest him. Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988); Pollock v. City of Phila., 403 Fed. App'x 664, 669 (3d Cir. 2010). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002). At the heart of the inquiry is the reasonableness of the officer's actions in light of the circumstances known at the time of the incident. "[I]n analyzing false arrest claims, a court to insulate a defendant from liability need find only that '[p]robable cause… exist[ed] as to any offense that could be charged under the circumstances.'" Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007) (quoting Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994)). We ask whether "the circumstances, viewed objectively, justify [the challenged] action." Scott v. United States, 436 U.S. 128, 138, 98 S. Ct. 1717, 56 L. Ed. 2d 168 (1978). If so, that action was reasonable "whatever the subjective intent" motivating the relevant officials. Whren v. United States, 517 U.S. 806, 814, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996).

13

Plaintiff cannot establish a Federal False Arrest Claim as a matter of law because a totality of the circumstances established probable cause. There can be no dispute that Officer Kudlacik's arrest of the Plaintiff was based on probable cause. A probable cause finding is fatal to Plaintiff's false arrest claims. The Court held in District of Columbia v. Wesby, 138 S. Ct. 577, 586, 199 L.Ed.2d 453, 463 (2018) that to determine whether an officer had probable cause for an arrest, "we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." Maryland v. Pringle, 540 U. S. 366, 371, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003) (quoting Ornelas v. United States, 517 U. S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)). And that because probable cause "deals with probabilities and depends on the totality of the circumstances," (Maryland v. Pringle, 540 U. S. at 371, 124 S. Ct. 795, 157 L. Ed. 2d 769) it is "a fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules," Illinois v. Gates, 462 U. S. 213, 232, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Therefore, a finding of probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id., at 243-244, n. 13, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). As such, probable cause "is not a high bar." Kaley v. United States, 571 U. S. 320, 338, 571 U.S. 320, 134 S. Ct. 1090, 1103, 188 L. Ed. 2d 46, 62 (2014). Under the prevailing view in this country, a peace

officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved. Restatement, Second, Torts § 121 (1965); Pierson v. Ray, 386 U.S. 547, 555, 87 S. Ct. 1213, 1218, 18 L.Ed.2d 288, 295 (1967). The fact that a criminal defendant was ultimately acquitted is irrelevant to the probable cause analysis. Michigan v. DeFillipo, 443 U.S. 31, 36. 99 S. Ct. 2697, 61 L. Ed. 2d 343 (1979).

The undisputed evidence establishes that considering the totality of the circumstances, Officer Kudlacik unequivocally had probable cause to arrest Plaintiff. Plaintiff had reported this incident to both the WPD via a 911 call and filled out a First Report of Injury Form ("FROI") with the Borough which begins the process for a workers compensation claim. The WPD, when faced with an allegation that one of their own volunteer first responders alleged he had been the victim of a hit-and-run accident, responded quickly and devoted the Borough's full resources to find the suspect.   A full investigation ensued. Initially, to ensure that Plaintiff received medical attention, and secondly, to find the suspect who had struck Plaintiff and then fled the scene. At the scene of the alleged accident, the investigation failed to find debris associated with a motor vehicle accident--no glass, no car parts, and no torn articles of clothing. Plaintiff gave inconsistent statements.   His cell phone did not break. His injuries were not consistent with being thrown 20 feet as alleged. In addition, the neighborhood was canvassed and security camera footage from area

15

residences in the area was obtained and reviewed. The video surveillance failed to show any vehicles in the vicinity of the accident at the time of the alleged incident (see McDonnell Cert. Exhibit "G").

Further, once the investigation of the scene was completed, Officer Kudlacik requested Plaintiff visit the station for questioning. Plaintiff volunteered to attend and subsequently waived his right to an attorney after being given his Miranda Rights (McDonnell Cert., at Exhibits "N" and "O" at page 2 to 3). During the interrogation, Officer Kudlacik asked Plaintiff whether he was involved in a hit-and-run, and Plaintiff was adamant that he believed he was (Id. at page 4 to 5). After the interrogation, and based on the investigation of the accident, Officer Kudlacik determined that he had probable cause to arrest Plaintiff because of Plaintiff's inconsistent statements and the lack of physical evidence (McDonnell Cert., at Exhibits "E" and "I"). He consulted with the BCPO who advised him on the charges and also agreed that he had probable cause to make the arrest. Officer Kudlacik then called the Municipal Court Judge Casmir Sondey, to request a warrant for Plaintiff's arrest. Judge Sondey found probable cause and indicated his finding on the warrant (McDonnell Cert., at Exhibit "P"). A warrant was then issued for Plaintiff's arrest. (Id.). Plaintiff was arrested for insurance fraud (N.J.S.A. § 2C:21-4.6A) and altering public documents (N.J.S.A. § 2C:28-7A(1)) and held at the station (Id.). He posted

bail and was released.  A Bergen County Grand Jury later indicted plaintiff on the charges (McDonnell Cert., at Exhibit "R").

When looking at the totality of the circumstances, it is clear that Officer Kudlacik had probable cause to arrest Plaintiff. An investigation into his claim of a hit and run was completed and Plaintiff was interrogated (McDonnell Cert. Exhibit "E" and "O"). Officer Kudlacik determined that the evidence pointed to Plaintiff making a false claim to the insurance company for insurance benefits when there was no evidence of a hit-and-run. Id. Similarly, Plaintiff falsified an official document by claiming there was an accident when the evidence showed that there was none (McDonnell Cert., at Exhibits "E" and "F"). Accordingly, Officer Kudlacik had probable cause to arrest Plaintiff. As the Court has held, the test is not whether the alleged criminal is ultimately found guilty of the crime he is accused of, but whether there is a "probability or substantial chance of criminal activity." Illinois v. Gates, 462 U. S. at 243-244, n. 13, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Based on the evidence before him, Officer Kudlacik believed that there was a substantial chance of criminal activity. The fact that Plaintiff was not found guilty of the crimes has no bearing on whether there was probable cause for his arrest. Pierson, 386 U.S. at 555, 87 S. Ct. at 1218, 18 L.Ed.2d at 295. Finally, while Plaintiff may allege Defendants conspired to arrest him, the subjective intent of the arresting

officer is not taken into consideration when the circumstances surrounding the arrest are reasonable. <u>Whren</u>, 517 U.S. at 814, 116 S. Ct. at 1769, 135 L. Ed. 2d at 89.

Assuming all facts in Plaintiff's favor, the Defendants conduct was based on probable cause found by the BCPO, Judge Sondey and a Bergen County Grand Jury. Therefore, Plaintiff cannot sustain his burden of proof on his false arrest claims as a matter of law. Accordingly, Defendants did not violate Plaintiff's rights and are entitled to qualified immunity.

### B. Plaintiff's Claim that he was Falsely Imprisoned Fails because Officer Kudlacik had Lawful Authority to Arrest Plaintiff, therefore Defendants are Entitled to Qualified Immunity

False arrest and false imprisonment overlap; the former is a species of the latter. "Every confinement of the person is an imprisonment, whether it be in a common prison or in a private house, or in the stocks, or even by forcibly detaining one in the public streets; and when a man is lawfully in a house, it is imprisonment to prevent him from leaving the room in which he is." M. Newell, Law of Malicious Prosecution, False Imprisonment, and Abuse of Legal Process § 2, p 57 (1892); <u>Wallace v. Kato</u>, 549 U.S. 384, 388-89, 127 S. Ct. 1091, 1095, 166 L.Ed.2d 973, 980-81 (2007). The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*. Id. at 389, 127 S. Ct. at 1095, 166 L.Ed.2d 973, 981 (2007). Where probable cause to make an arrest does

not exist, the Plaintiff also has a § 1983 claim "for false imprisonment based on a detention pursuant to the arrest." Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). Where probable cause to make an arrest does exist, Plaintiff may not recover under 42 U.S.C. § 1983. *See, e.g.* McDermott v. City of New York, 2002 U.S. Dist. LEXIS 2893, 2002 WL 265127, *7 (S.D.N.Y.) (because probable cause to arrest existed, Plaintiff's false arrest and invasion of privacy claims were dismissed).

Plaintiff was provided legal process throughout the entire proceeding with Officer Kudlacik that concluded with his arrest. Plaintiff volunteered to come to the police station and was not coerced (see McDonnell Cert.  Exhibit "H"). He volunteered to be interrogated and waived his right to an attorney (Id.). Officer Kudlacik did not in any way deceive Plaintiff or force him to discuss the matter with him without the presence of an attorney. Following the interrogation, a warrant was applied for and granted in accordance with standard legal procedures (see McDonnell Cert.  Exhibit "I"). Plaintiff was then arrested and released on bail later that day (see McDonnell Cert.  Exhibit "J"). Therefore, because Officer Kudlacik had probable cause to arrest Plaintiff and Plaintiff was given the legal process that he was entitled to, his §1983 claim for false arrest must fail. Accordingly, Defendants did not violate Plaintiff's rights and are entitled to qualified immunity.

### C. Officer Kudlacik Did Not Maliciously Prosecute Plaintiff because he had Probable Cause to Charge and Arrest Him, therefore Defendants are Entitled to Qualified Immunity

In Count Four of the Complaint, Plaintiff alleges Malicious Prosecution under Federal Law, under 42 U.S.C. § 1983. Similar to the arguments set forth above, these claims also fail as a matter of law because probable cause was found by Officer Kudlacik, Judge Sondey and a Bergen County Grand Jury.

Plaintiff cannot establish a claim for Malicious Prosecution against Officer Kudlacik within the framework of Federal case law, as he clearly did not violate Plaintiff's rights. In Heck v. Humphrey, 512 U.S. 477, (1994) our Supreme Court determined the standards to recover under a malicious prosecution claim. It was held that,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner see damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed

> unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

[Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)]

As with claims for false arrest and false imprisonment, a malicious prosecution claim under § 1983 requires a showing that the arrest, physical restraint, or prosecution was initiated without probable cause. To prove malicious prosecution under § 1983 when the claim is asserted under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009); Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). "Malicious prosecution differs from false arrest inasmuch as '[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." Johnson, 477 F.3d at 82 (quoting Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)).

As each of these elements must exist in order to make out a claim, the Third Circuit has made it abundantly clear that the existence of probable cause with respect to a charged offense negates a claim for malicious prosecution. *See e.g.,* <u>Johnson</u>, 477 F.3d at 82; The fact that a criminal defendant was ultimately acquitted does not imply that there was no probable cause to charge him; in fact, the disposition of the charge is "irrelevant to the probable cause analysis " <u>Wright v. City of Phila.</u>, 409 F.3d 595, 603-04 (3d Cir. 2005) (explaining that in order "[t]o prevail on [a malicious prosecution] claim, [the plaintiff] must show that the officers lacked probable cause to arrest her"); <u>Barna</u>, 42 F.3d at 820-21. Thus, as is the case with Plaintiff's false arrest claim, the Court is required to discern whether probable cause existed based on the totality of circumstances in addressing the malicious prosecution claim.

Here, Plaintiff has not proven that the charges against him were unconstitutional. Officer Kudlacik found there to be probable cause for an arrest and a warrant was issued after the Municipal Court Judge also found probable cause (McDonnell Cert., at Exhibit "P"). A grand jury found cause to indict Plaintiff (see McDonnell Cert.  Exhibit "R"). Although a jury determined that Plaintiff was not guilty of the charges (McDonnell Cert., at Exhibit "S"), an acquittal is not the equivalent of the conviction or sentence being reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

22

determination, or called into question by a federal court's issuance of a writ of habeas corpus. One of which is required to prevail on a malicious prosecution claim under § 1983. Therefore, summary judgment should be granted to Defendants on the Federal Malicious Prosecution claims. Accordingly, Defendants did not violate Plaintiff's rights and are entitled to qualified immunity.

### D. Defendants Did Not Commit an Abuse of Process in Charging and Arresting Plaintiff and are therefore Entitled to Qualified Immunity

Defendants did not violate Plaintiff's § 1983 rights by charging him and arresting him. This court held that the gist of the tort of abuse of process is "the misuse of process justified in itself for a purpose other than that which it was designed to accomplish, and the essential elements are an ulterior motive and some further act after the issuance of process representing the perversion of the legitimate use of the process." Simone v. Golden Nugget Hotel & Casino, 844 F.2d 1031, 1036-37 (3d Cir. 1988).

"Process," which is defined narrowly in the context of the tort of abuse of process, because it refers not to "all proceedings in a legal action," but rather to "certain products of litigation that a court issues, such as a 'summons, mandate, or writ used by a court to compel the appearance of the defendant in a legal action or compliance with its orders.'" Jewett v. IDT Corp., No. 04-1454, 2007 U.S. Dist. LEXIS 67284, at *7 (D.N.J. Sept. 11, 2007) (quoting Ruberton v. Gabage, 280

23

N.J. Super. 125, 131, 654 A.2d 1002 (App. Div. 1995)). In other words, this narrow use of "process" must be distinguished from the general use, as being "the whole course of proceedings in a legal action." Ruberton, 280 N.J. Super at 131.

"Further acts" may be met by pleading that a party "had secured issuance of the process without reason or probable cause as evidence that [its] ultimate intent was to use it for a purpose ulterior to the one for which it was designed." Tedards v. Auty, 232 N.J. Super 541, 550, 557 A.2d 1030 (App. Div. 1989)(citing Soos v. Soos, 14 N.J. Misc. 381, 185 A. 386 (N.J. Ch. 1936)). As such, the ulterior motive can be inferred from the "improper act." See Rojas v. City of New Brunswick, No. 04-3195, 2008 U.S. Dist. LEXIS 57974, at *87 (D.N.J. Jun. 4, 2008) (citing Ash v. Cohn, 119 N.J.L. 54, 194 A. 174 (1937)). If the act is proper, however, the motive is immaterial, see Rojas, 2008 U.S. Dist. LEXIS 57974 at *87 (internal citation omitted), because "[i]n the absence of some coercive or illegitimate use of the judicial process, there can be no claim for its abuse." See Id. (citing Penwag Prop. Co. v. Landau, 148 N.J. Super 493, 499, 372 A.2d 1162 (App. Div. 1977)).

Here, Officer Kudlacik made a proper arrest authorized by law (McDonnell Cert., at Exhibit "R"). There is no evidence whatsoever that Officer Kudlacik had an ulterior motive for arresting Plaintiff. It remains undisputed that the evidence before Officer Kudlacik revealed probable cause that Plaintiff committed a criminal act (McDonnell Cert. Exhibit "E" and "R"). Accordingly, Plaintiff's claim of abuse of

process must fail and summary judgment should be granted to Defendants as a matter of law. As such, because Defendants did not violate Plaintiff's § 1983 rights, they are entitled to qualified immunity.

### E. Plaintiff's § 1983 Retaliation Claim Must Fail because Officer Kudlacik Had Probable Cause to Charge and Arrest Plaintiff, therefore Defendants are Entitled to Qualified Immunity

In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006). The threshold requirement is that the plaintiff identify the protected activity that allegedly spurred the retaliation. Eichenlaub v. Twp. of Ind., 385 F.3d 274, 282 (3d Cir. 2004). Here, Plaintiff plead that when he "complained to municipal entities, Wallington firefighters, the State of New Jersey, government officials, media sources, and/or other citizens in the Borough of Wallington about the allocation and potential misappropriation of public resources" (McDonnell Cert., at Exhibit "A" at § 138) he was engaged in a protected constitutional activity, thus satisfying the first prong. Next, he plead that Defendants retaliated against him by charging him with the aforementioned crimes as part of a policy of retaliation against persons exercising their right to free speech, thus satisfying the second prong. Finally, Plaintiff plead

25

that the exercise of his right to free speech led to Defendants retaliating against him. However, Plaintiff has not substantiated his claim that there is a causal connection between his protected speech and the retaliation.

Additionally, the presence of probable cause should generally defeat a First Amendment retaliatory arrest claim. Nieves v. Bartlett, 139 S. Ct. 1715, 1726, 204 L.Ed.2d 1, 14 (2019). The analysis here is similar to that of a malicious prosecution claim. The Court in Nieves, generally followed the precedent set forth in Hartman v. Moore. In Hartman, a respondent chief executive officer brought an action against co-respondent postal inspectors for allegedly engineering the chief executive officer's criminal prosecution for his criticism of the United State Postal Service in violation of the First Amendment. The Court ultimately held that some evidence had to link the inspectors to the prosecutor, and the connection to be alleged and shown, was the absence of probable cause see generally, Hartman v. Moore, 547 U.S. 250, 126 S. Ct. 1695, 164 L.Ed.2d 441 (2006). Absent such a showing, a retaliatory prosecution claim fails. But if the plaintiff establishes the absence of probable cause then the plaintiff must show that the retaliation was a substantial or motivating factor behind the arrest, and, if that showing is made, the defendant can prevail only by showing that the arrest would have been initiated without respect to retaliation. Id. at 547 U. S., at 265-266, 126 S. Ct. 1695, 164 L. Ed. 2d 441). "Thus, Hartman requires plaintiffs in retaliatory prosecution cases to show more

26

than the subjective animus of an officer and a subsequent injury; plaintiffs must also prove as a threshold matter that the decision to press charges was objectively unreasonable because it was not supported by probable cause." Nieves, 139 S. Ct. at 1722-23.

Plaintiff was charged and arrested after Officer Kudlacik determined that there was probable cause to do so and Judge Sondey affirmed and issued a warrant for Plaintiff's arrest (McDonnell Cert., at Exhibit "R"). As such, this threshold matter is resolved in favor of Defendants and defeats Plaintiff's First Amendment retaliatory arrest claim. Nieves, 139 S. Ct. at 1726. Next, the record is void of any evidence that Officer Kudlacik held any subjective animus towards Plaintiff, in fact, Plaintiff only alleges that Defendant Baginski held any type of animus towards him (McDonnell Cert. Exhibit "A" at paragraphs 18-22). As such, Plaintiff cannot establish that there was any animus by Officer Kudlacik, let alone more than subjective animus, that led to the charges being brought, as is required under Nieves.

Without any connection between the alleged animus and the charges, there is no evidence that the prosecution was retaliation for his constitutionally protected speech. Officer Kudlacik did not attend public meetings regularly unless he was providing security (see McDonnell Cert. Exhibit "N" at 15:13 to 22). As such, he was unaware that Plaintiff was outspoken about what he perceived to be corrupt acts

by Borough officials. Officer Kudlacik estimated that he spoke with Defendant Baginski every other month when he had an issue with payroll or other work-related issues (Id. at 13:12 to 15:2). Defendant Baginski confirmed that he did not regularly speak with Officer Kudlacik but has known him for around twenty years, "not any more than hello, good-bye" (McDonnell Cert., at Exhibit "Z" p. 12:5-23). Accordingly, Plaintiff has not shown that there was a connection between Officer Kudlacik and Defendant Baginski, who was allegedly motivated to retaliate against Plaintiff (McDonnell Cert., at Exhibit "A" at paragraph 18). Not only did Officer Kudlacik have probable cause to charge and arrest Plaintiff based on the evidence before him but Plaintiff has failed to prove that it was objectively unreasonable to press the charges as is required by Hartman. Therefore, Plaintiff's §1983 claim of free speech retaliation cannot be sustained.

Accordingly, Defendants are entitled to qualified immunity. In the context of First Amendment retaliation, qualified immunity depends on "whether officials reasonably could believe that their motives were proper even when their motivations were in fact retaliatory." Larsen v. Senate of the Commonwealth, 154 F.3d 82, 94 (1998). This type of inquiry ordinarily cannot be determined on the face of the pleadings and can only be resolved after factual inquiry. Id. Here, we have a full factual record. Officer Kudlacik and the Borough are entitled to qualified immunity because the evidence produced during discovery shows that

28

Officer Kudlacik could have reasonably believed that his motives were proper. Further, Plaintiff's discovery materials yielded no evidence that would prove otherwise. Instead, his claim relies on allegations that merely restate the conclusory assertions in his complaint and carry no evidentiary weight. Therefore, Officer Kudlacik and the Borough are entitled to qualified immunity as a matter of law.

## POINT II: DEFENDANT BOROUGH OF WALLINGTON CANNOT BE LIABLE FOR VIOLATING PLAINTIFF'S §1983 RIGHTS

The Borough of Wallington can only be held liable under § 1983 "if it can be shown that its employees violated Plaintiff's civil rights as a result of a municipal policy or custom." Williams v. Borough of W. Chester, Pa, 891 F.2d 458, 467 (3d Cir. 1989) citing Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Plaintiff alleges such a claim in Count VIII, Municipal Liability, of this Complaint.  Specifically, Plaintiff asserts that the Borough has a policy of retaliating against property owners that take legal action or exercise their right to freedom of speech by directing the WPD to file false reports and frivolous complaints against citizens (see Exhibit "A" ¶¶ 155 – 156). Although, "[A] municipality can be held liable as a person under section 1983 when it unconstitutionally implements or enforces 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the officers of that municipality." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (quoting Monell v. New York Dep't Of Soc. Servs., 436 U.S. 658, 690 (1978)). "It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 848.

Specifically,

> [A] municipality may only be liable for the torts of its
> employees in one of three ways: First, the municipality
> will be liable if its employee acted pursuant to a formal
> government policy or a standard operating procedure long
> accepted within the government entity, <u>Jett v. Dallas</u>
> <u>Independent     School     District</u>, 491     U.S.     701
> (1989); second, liability will attach when the individual
> has policy making authority rendering his or her behavior
> an act of official government policy, <u>Pembaur v. City of</u>
> <u>Cincinnati</u>, 475 U.S. 469 (1986); third, the municipality
> will be liable if an official with authority has ratified the
> unconstitutional actions of a subordinate, rendering such
> behavior official for liability purposes.  <u>City of St. Louis</u>
> <u>v. Praprotnik</u>, 485 U.S. 112, 127 (1988)
>
> <u>McGreevy v. Stroup</u>, 413 F.3d 359, 367 (3d Cir. 2005) (as
> quoted in <u>Pomykacz v. Borough of W. Wildwood</u>, 438 F.
> Supp. 2d 504, 515 (D.N.J. 2006))

Here, there is <u>no</u> evidence of (1) a formal policy accepted within the Borough; (2)

an individual with policy making authority who committed a tort; or (3) an official

with authority who has ratified the unconstitutional actions of a subordinate.

Therefore, the Borough cannot be held liable for the torts of any of its employees.

Additionally, for a plaintiff to prevail, he must show that the unlawful policy

or custom was the proximate cause of his injuries. The United States Supreme Court

has observed the following as to proximate cause:

> As our § 1983 municipal liability jurisprudence illustrates,
> however, it is not enough for a § 1983 plaintiff merely to
> identify    conduct    properly    attributable    to    the
> municipality. The plaintiff must also demonstrate that,

31

through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. Bd. of the Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 404 (1997); *also* Watson v. Abington Twp., 478 F.3d 144, 156 (3d Cir. 2007); Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

Here, Plaintiff has not demonstrated that the Borough was the "moving force" behind his alleged injury. Plaintiff has not questioned Officer Kudlacik's training or whether there were retaliatory policies and procedures in place generally. Further, he has not retained an expert to opine on whether the Borough had policies or practices that violated its citizens' constitutional rights. While a plaintiff must produce evidence of custom or policy to succeed against the municipal defendants under §1983, it is well established that expert testimony is not required. *See, e.g.*, Beck v. City of Pittsburgh, 89 F.3d 966, 975-76 (3d Cir. 1996). Plaintiff has failed to produce any evidence of a Borough policy or custom that violated the rights of Plaintiff or the Borough's citizens' rights generally as alleged in Count VIII, Municipal Liability. Therefore, the Borough is entitled to summary judgment on this issue.

## POINT III: DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS MATTER OF LAW

Summary judgment may be entered where the Court is satisfied that " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (*citing* Fed. R. Civ. P. 56).

An issue is "genuine if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating, Co., 358 F.3d 241, 247 (3d Cir. 2004) (*citing* Anderson, 477 U.S. at 255); see McDonnell Cert. also Pignataro, v. Port Auth. Of New York & New Jersey, 593 F.3d 265, 268 (3d Cir. 2010).

The moving party bears the burden of establishing the absence of genuine issue of material fact. Celotex, 477 U.S. at 323. "[A] party see McDonnell Cert. king summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Ibid (citation omitted). "Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing'—that, is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) (quoting Celotex, 477 U.S. at 325).

Once the moving party has met its burden, the nonmoving party must identify competent evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. A "party opposing summary judgment may not rest upon the mere allegations or denials of the ... pleading[s.]" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (internal quotations omitted). To defeat a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). "[U]nsupported allegations . . . and pleadings are not sufficient to repel summary judgment." Schoch v. First Fidelity Bancorp., 912 F.2d 654, 657 (3d Cir. 1990).

Summary judgment was affirmed in Alfano v. Schaud, 429 N.J. Super. 469 (App. Div. 2013), where the plaintiff asserted that the defendant police officer violated his civil rights by detaining him for forty (40) minutes, but the evidence revealed the plaintiff was only detained for nine (9) minutes. The Appellate

Division held that when no reasonable jury could believe the story of plaintiff, the court should not adopt the plaintiff's version of the facts.

Here, Plaintiff asserts that his civil rights were violated when he was charged and arrested for insurance fraud and tampering with official documents as retaliation for his criticism of Borough officials. The credible evidence reveals that the Plaintiff completed a First Report of Injury after the alleged hit-and-run (McDonnell Cert., at Exhibit "F") and the WPD investigated the claim and found no evidence that it occurred (McDonnell Cert. Exhibit "E"). The undisputed facts establish that Plaintiff was interrogated and Officer Kudlacik determined there to be probable cause to bring charges (McDonnell Cert. Exhibit "R"). A warrant was then properly issued for his arrest (see McDonnell Cert. Exhibit "R"). There was no communication between Officer Kudlacik and defendant Baginski relating to the decision to charge Plaintiff, let alone to conspire against Plaintiff in retaliation for his criticism. As such, the court should not adopt Plaintiff's version of the facts when no reasonable jury could believe them.

Defendants did not violate Plaintiff's civil rights, Officer Kudlacik and the Borough are entitled to qualified immunity, and the Borough cannot be liable as a matter of law. There is no dispute as to any material fact, therefore summary judgment should be granted in favor of Defendants.

35

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that summary judgment be granted in their favor and Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,
PFUND MCDONNELL, P.C.
Attorneys for Defendants,
Borough of Wallington and Sean Kudlacik

_____
MARY C. MCDONNELL